## F. D. McCARTHY v. CONRAD MASTERS ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued April 13, 1891—Decided April 27, 1891.

(*a*) The report of a referee directing judgment for the plaintiff, for the value of services rendered to the defendant towards the performance of an entire contract to open a roadway, was excepted to, but confirmed by the court and judgment entered accordingly:

1. A specification alleging that the court erred "in overruling the exceptions to the report of the referee," did not conform to the Rules;* and another, that the court erred "in entering judgment in accordance with the findings of the referee," had nothing to sustain it.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 80 July Term 1890, Sup. Ct.; court below, No. 280 January Term 1889, C. P.

On January 3, 1889, an appeal was filed from the judgment of an alderman, in an action by F. D. McCarthy against Conrad Masters, Thomas Gaffey and George Reakes. Issue.

On February 13, 1889, by agreement of the parties, the cause was referred to *Mr. A. C. Campbell*, as referee, under the act of April 6, 1869, P. L. 725; and on January 14, 1890, the referee filed a report concluding:

The referee's findings of fact are as follows:

---

* See Rules of the Supreme Court, XXII., XXIV.

Statement of Facts.

1. That in the month of September or October, 1889, a contract was made between the plaintiff, F. D. McCarthy, and the defendants, Thomas Gaffey, George Reakes and Conrad Masters, for the opening and extension of Church street in the borough of Nanticoke, wherein the said McCarthy agreed to make an average, ordinary, fairly-constructed road or street, and for so doing was to receive from the defendants the sum of one hundred dollars.

2. That the road built by McCarthy was not in accordance with, nor up to the terms of the contract.

3. The amount of labor expended by McCarthy, in making the street as he did, was sixty dollars.

4. The defendants have never paid the plaintiff anything for the work done by him.

The referee's conclusion of law is that the plaintiff is entitled to a quantum meruit, and the judgment should be in his favor against the defendants for the sum of sixty dollars. The prothonotary is therefore directed to enter judgment against the defendants, Conrad Masters, Thomas Gaffey, and George Reakes, for the sum of sixty dollars.

—To the referee's report the defendants filed twelve exceptions, of which some were to the admission or exclusion of offers of testimony, and others as follows:

10. The referee erred in awarding to the plaintiff, not having found complete performance by the plaintiff, or a dispensation therewith by the defendants.

11. Should the court sustain the referee in his award of quantum meruit, then the referee erred in awarding to the plaintiff full compensation for labor performed on his contract; but the award should have been the contract price, less the amount required to put the work in that condition which the contract calls for.

12. The referee erred in directing judgment to be entered for the plaintiff.

—Said exceptions having been argued, the court, WOODWARD, J., on April 21, 1890, entered an order dismissing them, confirming the report, and directing judgment accordingly. Judgment being entered, the defendants took this appeal, specifying that the court erred:

1. " In overruling the exceptions to the report of the referee.

Syllabus.

2. "In entering judgment in accordance with the findings of the referee."

*Mr. Wm. J. Trembath* (with him *Mr. N. Taylor*), for the appellants.

Counsel cited: Lucesco Oil Co. v. Brewer, 66 Pa. 354; McClurg v. Price, 59 Pa. 424; Quigley v. DeHaas, 82 Pa. 273; Alcott v. Hugus, 105 Pa. 354; Shaw v. Turnpike Co., 2 P. & W. 461; Preston v. Finney, 2 W. & S. 55; Alexander v. Hoffman, 5 W. & S. 384; Martin v. Schoenberger, 8 W. & S. 368; Chambers v. Jaynes, 4 Pa. 43; Noble v. James, 2 Gr. 283; Miller v. Phillips, 31 Pa. 222; Albert v. Frick, 1 Penny. 139; Gallagher v. Sharpless, 134 Pa. 139.

*Mr. L. H. Bennett*, for the appellee.

PER CURIAM:

There is nothing for us to review in this case. The first assignment does not conform to the Rules of Court, and the second has nothing to sustain it. We can see no error in "entering judgment in accordance with the findings of the referee."

Judgment affirmed.